UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FROILAN PILETA and ANNIS QUINTANA,**

      **Plaintiffs,**

**v.**                                                                                  **Case No: 5:23-cv-472-GAP-PRL**

**BOWEN LOGISTICS LLC,**

      **Defendant.**

_____

### ORDER

This diversity action arises out of personal injuries sustained in a motor vehicle accident and is before the Court for consideration of Defendant's motion to compel Plaintiffs to respond to its discovery requests. (Doc. 23). Defendant's motion recites that Plaintiffs failed to reply to its first set of interrogatories and its first requests to produce, despite an extension and Defendant's efforts to follow up on the requests. Following additional efforts on behalf of Defendant's counsel to confer with Plaintiffs' counsel regarding the motion, Defendant's motion to compel was filed on December 11, 2023. (Doc. 23).

On December 21, 2023, Plaintiffs filed a brief response to the motion to compel giving notice that answers to interrogatories and responses to discovery requests were served on behalf of both Plaintiffs on December 21, 2023. (Doc. 24). Plaintiffs' response is silent regarding the considerations relevant to an award of expenses, including attorneys' fees

incurred in making the motion, as contemplated by Fed. R. Civ. P. 37(a)(5).[1] Meanwhile, Defendant's motion merely requests that the Court enter an order compelling the discovery sought and "for such other relief as this Court deems just and proper." (Doc. 23 at 4).

Accordingly, upon due consideration, it is Ordered that:

(1) Defendant's motion to compel discovery (Doc. 23) is **DENIED** as moot.

(2) Because Plaintiffs have not demonstrated that the failure to respond to the discovery requests was substantially justified or demonstrated that other circumstances would make an award of expenses unjust under Rule 37(a)(5)(A), Defendant is entitled to reasonable expenses, including attorney's fees, incurred in making the motion.

(3) If Defendant wishes to seek an award of expenses under Rule 37(a)(5)(A), within 14 days of the entry date of this Order, Defendant is directed to file a motion and affidavit supporting its motion for reasonable expenses, including attorney's fees, incurred in making the motion. Plaintiffs shall then have 7 days from the date that Defendant's affidavit is filed to file any objections to the expenses and fees sought.

---

[1] Rule 37(a)(5) provides, regarding "Payment of Expenses; Protective Orders":

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

(4) If Defendant chooses not to seek an award of expenses under Rule 37(a)(5)(A), it may merely decline to file a motion and affidavit as directed above within the time required.

**DONE** and **ORDERED** in Ocala, Florida on January 2, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties